NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MAC TRUONG, et al.,

                        Appellants,                    CIVIL NO. 06-5511 (GEB)

        v.

STEVEN KARTZMAN, ESQUIRE, et al.,

                        Appellees.                     **MEMORANDUM OPINION**

**BROWN, Chief District Judge**

        This matter comes before the Court upon appellants Mac Truong, Hugh Mac-Truong and

Sylvaine Decrouy (hereinafter "Appellants") appeal of twelve previously issued Bankruptcy

Court Orders.  The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).  For

the reasons discussed in this Memorandum Opinion, Appellants' motions are denied.

**I.  BACKGROUND[1]**

        Mac and Maryse Truong are husband and wife.  (Truong Appeal, p. 2).  Sylvaine Decrouy

is Maryse Truong's sister.  (Opp., Kartzman Cert., Exh. E).  Hugh Mac Truong is the son of Mac

and Maryse Truong.  (*Id.*).  Mac and Maryse Truong had entered into a lease agreement for

existing commercial property located at 377 Broadway, New York, New York.  (*Id.* at Exh. A

and B).  The property was to be used as a law office for Mac Truong.  (Opp., p. 6).  In or about

1995, Mac Truong breached the conditions of the lease that he and Broadwhite Associates had

entered into, and Broadwhite thereafter filed suit.  (*Id.*).  A trial occurred as a result of the suit,

---

        [1]  The factual and procedural background to the underlying bankruptcy is substantial.  As
such, the Court will reference only the background applicable to the instant motions.

and a judgment in favor of Broadwhite Associates in the amount of $356,509.83 was entered on

January 6, 2000.  (*Id.*).  At the time of the judgment, Mac and Maryse Truong resided at 327

Demott Avenue, Teaneck, New Jersey.  (*Id.).*

   Two days after the $356,509.83 judgment was entered against the Truongs, Mac and

Maryse Truong transferred their interest in 327 Demott Avenue to Maryse Truong's sister,

Sylvaine Decrouy, who was residing in France.  (Opp., Kartzman Cert., Exh. C).

A consideration of ten dollars was paid.  (*Id.).*

   On July 12, 2000, Mac and Maryse Truong filed a voluntary petition under Chapter 13 of

the United States Bankruptcy Code.  (Opp. Designation of Record, Exh. 2).  On September 11,

2000, the petition was converted to a Chapter 11 proceeding.  (*Id.*).

   On May 25, 2001, Sylvaine Decrouy transferred her interest in 327 Demott Avenue to the

Truongs' son, Hugh Mac Truong.  (Opp., Kartzman Cert., Exh. D).  Hugh Mac Truong was 18

years old at the time of the transfer.  (*Id.* at Exh. J).  On October 24, 2002, Mac and Maryse

Truong's bankruptcy proceeding was dismissed.  (Opp. Designation of Record, Exh. 2).  The

property was not listed as an asset during the bankruptcy.  (Opp., Kartzman Cert., Exh. J).

   On April 10, 2003, Broadwhite Associates filed a civil action complaint in New Jersey

Superior Court, Law Division, Bergen County, against the aforementioned alleging that the

transfer of 327 Demott Avenue to Sylvaine Decrouy and then to Hugh Mac Truong was

fraudulent in nature, and sought to have the conveyances set aside, and the property levied to

satisfy the previously entered judgment.  (Opp. Designation of Record, Exh. 39).

   On May 18, 2003, the Truongs and Decrouy filed an Answer and Counterclaims to

Broadwhite's complaint.  They asserted, as their first affirmative defense, that the New Jersey

Superior Court did not have personal jurisdiction over Sylvaine Decrouy or Hugh Mac Truong as "process [was] never . . . properly served upon [them] . . ." (*Id.*).

On September 15, 2003, Mac and Maryse Truong filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  On September 29, 2003, Mac and Maryse Truong filed a Notice of Removal of the State Court action to federal court, and on October 6, 2003, the action was removed from federal court to bankruptcy court.  (*Id.*).

On August 27, 2004, United States Bankruptcy Judge Novalyn L. Winfield entered an Order permitting the substitution of Steven P. Kartzman, Chapter 7 trustee as party plaintiff for Broadwhite Associates.  (Bankruptcy Docket Entry # 33).  As the bankruptcy proceedings regarding Mac and Maryse Truong progressed, several rulings were issued by the bankruptcy court, and several appeals of those rulings have been filed by the Truongs.  One of the rulings issued by the bankruptcy court was the determination that Decrouy and Hugh Mac Truong were properly served, and that the court can maintain personal jurisdiction over them.  (*Id.* at Docket Entry #'s 200, 283).

On October 11, 2006, the Bankruptcy Court filed an Order in favor of party plaintiff Kartzman against the Truong and Decrouy defendants on the First, Second and Fourth Counts of party plaintiff's complaint.  Each of the counts alleged "fraudulent transfer" pursuant to New Jersey law.  (*Id.* at Docket Entry # 281)  The Order further stated that the transfers of 327 Demott Avenue, Teaneck, New Jersey from Mac and Maryse Truong to Sylvaine Decrouy, and from Decrouy to Hugh Mac Truong were to be voided as fraudulent transfers.  (*Id.*).  The Order additionally stated that "once title is revested in Mac Truong and Maryse Mac Truong, the Trustee is authorized to administer the estate's interest in the Property [327 Demott Avenue]

pursuant to the Bankruptcy Code."  (*Id.*).

On October 18, 2006, Kartzman discovered that 327 Demott Avenue had been transferred to MT-EARS, a limited liability partnership registered with the State of New Jersey on May 23, 2006.  (Opp., Kartzman Cert., Exh. A and B).  MT-EARS general partners are Mac and Maryse Truong.  (*Id.*).  The conveyance of 327 Demott Avenue to MT-EARS occurred on June 1, 2006.  (*Id.*).  The consideration paid for the transfer was ten dollars.  (*Id.* at Exh. D).

A subsequent title search obtained by Kartzman covering the time frame from in or about October, 2006 until November 1, 2006 revealed that on October 16, 2006, MT-EARS conveyed title of 327 Demott Avenue to an entity named To-Viet-Dao, LLP, a limited liability partnership whose main office address is 326 Broadway, Suite 200, New York, New York, which was determined to be Mac Truong's office/business address, and which appears on letterhead used by all appellants and debtors throughout the underlying and current proceedings.  (*Id.* at Exh. F).  The consideration paid for the transfer was ten dollars.  (*Id.*).

Currently, Mac and Maryse Truong's bankruptcy is still pending final disposition.  (Bankruptcy Docket).

In the instant matter, Appellants seek to appeal twelve Orders[2] issued by the Bankruptcy Court.  The first Order which is subject to Appellants' instant motion for leave to appeal and stay

---

[2]  However, in Appellants Notice of Appeal, nine Orders are listed.  After careful review of Appellants moving papers, it appears that approximately six Orders are discussed.  As such, this Court will address only those issues set forth in Appellants moving brief.  At issue are the remaining Orders that were listed in the Notice of Appeal, but not briefed.  Bankruptcy Rule 8010 requires that all appellate briefs filed in the district court contain a statement of the issues presented, and requires that the argument section of an appellant's brief "shall contain the contentions of the appellant . . ."  Bankruptcy Rule 8010(a)(1)(C),(E).  Rule 8010 has the substantive function of "providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal."  *In Re Trans World Airlines, Inc.*, 145 F.3d 124 (3d Cir. 1998) (citing *In the Matter of Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D.Pa. 1995).  As such, "a district court may, in its discretion, deem an argument waived if it is not presented in accordance with Rule 8010."  *Id.*  Because Appellants fail to substantively discuss six of the twelve Orders listed, any appeal of those Orders will be deemed waived.

pending appeal is an Order granting summary judgment on the First, Second and Fourth Counts of Appellee Steven P. Kartzman's (hereinafter "Appellee") Amended Complaint, dated October 11, 2006.  The second Order, dated October 12, 2006, denied a stay of the October 11, 2006 Order, denied Appellants affirmative defenses, and entered a Judgment of Default against Sylvaine Decrouy.  The third Order denied a cross-motion to deny Appellee's summary judgment motion and to compel Appellee to submit to a deposition, dated October 12, 2006.  The fourth Order, dated September 25, 2006, denied Appellants' request to vacate an amended Order dated September 21, 2005, and further denied Appellants' motion for collateral estoppel and/or declaratory judgment.  The fifth Order subject to the instant motion is an Order denying Appellants' motion seeking to compel Appellee to answer interrogatories, dated March 29, 2006. The sixth Order, dated March 27, 2006, held that Hugh Mac Truong is subject to the jurisdiction of the Court, and that no additional process was required.  The seventh Order denied Appellants' motion to vacate the previously entered Order of Default against Sylvaine Decrouy, dated March 24, 2006.  The eighth Order, dated March 23, 2006, denied Appellants' motion for sanctions against Appellee.  Finally, the ninth Order, dated April 11, 2005, denied Appellants' motion for summary judgment and denied reconsideration of the Bankruptcy Court's previous finding that the underlying proceeding of Broadwhite v. Mac Truong was properly removed to federal bankruptcy court.

## II.  DISCUSSION

### A.    <u>Standard of Review</u>

Bankruptcy Rule 8013 provides, in pertinent part: "On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with

-5-

instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses."  "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conclusion that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A bankruptcy court's conclusions of law, on the other hand, are subject to plenary review.  *See Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988).  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989).

**B.    October 11, 2006 Bankruptcy Court Order Granting Summary Judgment**

**i.    *Summary Judgment on Count One***

Count One of the Amended Complaint alleged a fraudulent transfer of property under New Jersey Statute Annotated 25:2-25(a), as adopted in Section 544 of the Bankruptcy Code. Specifically, the Amended Complaint alleged that the transfer of 327 Demott Avenue, Teaneck, New Jersey from Mac and Maryse Truong to Sylvaine Decrouy and then from Sylvaine Decrouy to Hugh Mac Truong "was made with intent to hinder, delay or defraud creditors . . ." (*See* Amended Complaint, p. 7).  The Bankruptcy Court found no question of material fact and that Appellee was entitled to judgment as a matter of law.

N.J.S.A. 25:2-25 provides as follows:

> [A] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

      a.      with actual intent to hinder, delay or defraud any creditor of the debtor.

To determine whether there was an actual intent to defraud, courts are to consider what are known as the "badges of fraud". These "badges" are found in N.J.S.A. 25:2-26. The considerations for a court under the badges of fraud are whether:

      a.      the transfer or obligation was to an insider;

      b.      the debtor retained possession or control of the property transferred after the transfer;

      c.      the transfer or obligation was disclosed or concealed;

      d.      before the transfer was made or obligation was incurred, the debtor had been sued or threatened;

      e.      the transfer was of substantially all the debtor's assets;

      f.      the debtor absconded;

      g.      the debtor removed or concealed assets;

      h.      the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

      i.      the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

      j.      the transfer occurred shortly before or shortly after a substantial debt was incurred; and

      k.      the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

In consideration of the badges of fraud, a finding by a court of one badge can "cast suspicion on the transferor's intent . . ." *Gilchinsky v. Nat'l Westminster Bank*, 159 N.J. 463, 477 (1999).  Further, a finding of "several in one transaction generally provides conclusive evidence of an actual intent to defraud." *Id.*

Here, there are several badges of fraud that can be applied against Appellants as intent on their behalf to defraud.  First, both transfers in question were to insiders.  An "insider", as defined in N.J.S.A. 25:2-22(a), includes a relative of a debtor, so long as that debtor is an individual.  Here, the first transfer was from individual relatives Mac and Maryse Truong to Sylvaine Decrouy, Maryse Truong's sister and Mac Truong's sister-in-law.  Thereafter, an additional transfer was made from Decrouy to Hugh Mac Truong, Mac and Maryse Truong's then eighteen year old son.

Second, it is self-evident that Mac and Maryse Truong maintained possession and control of the property after its transfer to Decrouy, as they continued to reside within the residence continually after its first and second transfer, claim the mortgage interest and real estate taxes on their 2001 and 2002 tax returns, and intended to reaffirm the mortgage loan in the bankruptcy. *See* Kartzman Cert., Exh., A, E, F, G.

Third, Appellants concealed the transfers, as they were never reported on their bankruptcy petitions.

Fourth, Mac and Maryse Truong had previously been sued by Broadwhite, and a judgment was entered on January 6, 2000.  The first transfer occurred on January 10, 2000.

Finally, 327 Demott Avenue constituted virtually all of Mac and Maryse Truong's assets.  Their only other asset, a $156,000 IRA, was not accessible by Appellants' creditors. *In re Yuhas*,

104 F.3d 612, 614 (3d Cir. 1997).  327 Demott Avenue was the only asset worth any sort of substantial value and which was accessible by the creditors.

As several of the badges of fraud have been satisfied in favor of Appellee, and as there are no questions of material fact, the Bankruptcy Court properly granted summary judgment in favor of Appellee as to Count One of the Amended Complaint.

      **ii.**     ***Summary Judgment on Count Two***

Count Two of Appellee's Amended Complaint alleged that the aforementioned transfer of 327 Demott Avenue from Mac and Maryse Truong to Sylvaine Decrouy was made without receiving equivalent value in exchange, and at the time of the transfer, Mac and Maryse Truong were insolvent, or rendered insolvent by said transfers.  As such, Count Two alleged, the transfers were fraudulent pursuant to N.J.S.A. 25:2-27(a), made applicable by Section 544 of the Bankruptcy Code.  (*See* Amended Complaint, p. 8).

To determine whether summary judgment was properly found for Count Two of Appellee's Amended Complaint, this Court must first determine whether Mac and Maryse Truong received equivalent value for the transfer of 327 Demott Avenue to Sylvaine Decrouy. Pursuant to Section 548 of the Bankruptcy Code, a debtor receives equivalent value if (a) there was value conferred upon the debtor and (b) if that value was reasonably equivalent to the asset transferred.  *See also In re R.M.L., Inc.*, 92 F.3d 139, 152 (3d Cir. 1996).

Here, Mac and Maryse listed as consideration ten dollars for the transfer of 327 Demott Avenue to Decrouy.  Although Mac and Maryse have subsequently asserted that the transfer was to satisfy an antecedent debt, the record is completely devoid of any evidence of the existence of that debt, absent the Truongs' bald assertion.  "[I]n the absence of any evidence [of debt], such as

a loan document or scrap of paper . . . the transferor did not receive fair consideration for the transfer of the property." *In re Fleet*, 89 B.R. 420, 425 (E.D.Pa. 1988). Mac and Maryse Truong had therefore failed to receive equivalent value for 327 Demott Avenue by Decrouy.

The second issue that must be considered before summary judgment on Count Two of Appellee's Amended Complaint can be determined is whether Mac and Maryse Truong were insolvent at the time of the transfer to Decrouy. As previously discussed, Mac and Maryse Truongs' assets were limited to the value of 327 Demott Avenue and a $156,000 IRA. At the time of the determination in favor of summary judgment by the Bankruptcy Court, the only appreciable asset other than 327 Demott Avenue was a $156,000 IRA.[3]

In contrast, the amount of debt incurred by the Truongs far exceeded the value of the IRA. The Broadwhite judgment alone was $356,509.83. Additionally, Mac and Maryse Truong admitted to $60,000 in additional miscellaneous debt. (*See* Kartzman Cert., Exh. E). As such, Mac and Maryse Truong were clearly insolvent at the time of the transfer of 327 Demott Avenue.

As no questions of material fact exist, and as Appellee was entitled to judgment as a matter of law, the Bankruptcy Court properly granted summary judgment in favor of Appellee as to Count Two of the Amended Complaint.

### iii.    *Summary Judgment on Count Four*

Count Four of the Amended Complaint asserted that the transfer of 327 Demott Avenue was fraudulent under N.J.S.A. 25:2-25(b)(2), which provides, in relevant part:

---

[3] Although the Truongs assert that there was approximately $3,400,000 in Schwab accounts attributable to them, it was previously determined in New York State Court that Mac and Maryse Truong maintained no interest in the accounts. As such, those accounts are inapplicable in the instant appeal. (*See* collateral estoppel; *Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521-22 (2006).

[A] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> b.   without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> > (2) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

As previously discussed, it is clear that Mac and Maryse Truong were insolvent at the time of the transfer, and were well aware of the significant judgment entered against them in the Broadwhite litigation.  Additionally, they themselves admitted to an additional debt of $60,000 in addition to the Broadwhite debt.  Therefore, Mac and Maryse Truong were fully aware, or should have been aware that they had incurred debt far beyond what they were able to pay, once the value of 327 Demott Avenue was removed.  Further, as also previously discussed, Mac and Maryse Truong failed to obtain an equivalent value at the time of the transfer of their home to Maryse Truong's sister, Sylvaine Decrouy, nor at any time thereafter.

Therefore, as no questions of material fact exist, and as Appellee was entitled to judgment as a matter of law, the Bankruptcy Court properly granted summary judgment in favor of Appellee as to Count Four of the Amended Complaint.  Further, the Bankruptcy Court's Order of October 11, 2006 is affirmed in all respects.

C.   **October 12, 2006 Bankruptcy Order Granting Judgment of Default against Sylvaine Decrouy**[4]

The Bankruptcy Court determined that Sylvaine Decrouy was in default under

---

[4]  The initial Bankruptcy Court Order granting default against Decrouy was issued in conjunction with the summary judgment Order on October 11, 2006, and captioned in a subsequent Order issued on October 12, 2006.  For purposes of the instant appeal, this Court references the October 12, 2006 Order as the Order of Default.

Bankruptcy Rule 7055 as she failed to answer or otherwise plead after the Amended Complaint was filed.

Appellants argue that Decrouy was never served with the Amended Complaint, and therefore was not in default for failing to answer.[5]  Appellants offer no evidence to support that assertion.  However, Appellee has provided evidence in the form of a Certificate of Service, which was executed on August 31, 2004.   (*See* Kartzman Cert., Exh. 31).

As such, Appellants fail to support their assertion with any evidence.  Bankruptcy Rule 7055 invokes Federal Rule of Civil Procedure 55.  F.R.Civ.P. 55 provides, in relevant part, that "when a party . . . has failed to plead or otherwise defend . . .judgment by default may be entered . . .(1) by the clerk; or (2) by the Court."  Therefore, the entry of default against Sylvaine Decrouy by the Bankruptcy Court was wholly proper.  The Bankruptcy Court Order of October 12, 2006 is affirmed.

     **D.**     **<u>Personal Jurisdiction over Hugh Mac Truong and Sylvaine Decrouy</u>**

Appellants argue that the Bankruptcy Court did not have personal jurisdiction over Hugh Mac Truong and Sylvaine Decrouy.

As previously stated, on April 10, 2003, Broadwhite Associates filed a civil action complaint in New Jersey Superior Court, Law Division, Bergen County, against the aforementioned alleging that the transfer of 327 Demott Avenue to Sylvaine Decrouy and then to Hugh Mac Truong was fraudulent in nature, and sought to have the conveyances set aside, and the property levied to satisfy the previously entered judgment.  (Opp. Designation of Record,

---

[5]  The Court notes that upon the entry of default, Appellant's moved for an Order vacating the entry of default, arguing not that Decrouy had not been served, but rather, that she was not a party to the proceeding and was therefore not subject to the Bankruptcy Court's jurisdiction.

Exh. 39).

On May 18, 2003, the Truongs and Decrouy filed an Answer and Counterclaims to Broadwhite's complaint.  They asserted, as their first affirmative defense, that the New Jersey Superior Court did not have personal jurisdiction over Sylvaine Decrouy or Hugh Mac Truong as "process [was] never . . . properly served upon [them] . . ."

On September 15, 2003, Mac and Maryse Truong filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  On September 29, 2003, Mac and Maryse Truong filed a Notice of Removal of the State Court action to federal court, and on October 6, 2003, the action was removed from federal court to bankruptcy court.

As Appellee correctly notes, although Appellants timely assert their lack of personal jurisdiction defense, they failed to move to dismiss the Complaint against them on said grounds within the prescribed time pursuant to New Jersey Court Rule 4:6-3, which is 90 days from the date of the service of the answer.

Here, Appellants never moved to dismiss the New Jersey action.  Such motion would have been due within 90 days of May 19, 2003, the date of the service of Appellants' answer. *Raskulinecz v. Raskulinecz*, 141 N.J. Super. 148, 154 (Law Div. 1976) (defendant submits to jurisdiction if he fails to move within the time prescribed by the Rule).  Even if Appellants' filing of their bankruptcy petition could be considered a motion to dismiss in New Jersey Court, that bankruptcy petition was not filed until September 15, 2003, well beyond the 90 day period permitted under N.J. Rule 4:603.  Therefore, Appellants jurisdictional arguments have been waived and the Bankruptcy Court is affirmed.

-13-

**E.**   **Prior Settlement of Adversary Proceeding No. 03-2907**

Appellant's allude to a Settlement Order issued in a separate action between them and Broadwhite on July 21, 2004, and that the Settlement Order eliminated the $356,509.83 judgment that was entered against Mac and Maryse Truong on January 6, 2000.  However, the underlying action, with case number 03-2681, is not listed anywhere on the Settlement Order. The only proceeding resolved pursuant to the terms of the Settlement Order is the proceeding numbered 03-2907.

Further, there is no language in the Settlement Order that suggests that the settlement extended beyond the scope of case number 03-2907, nor any language that at all relates to the underlying case, numbered 03-2681.

Again, Appellants fail to present any evidence to support their position beyond their own assertions.  The Bankruptcy Court is affirmed in this regard.

**F.**   **December 7, 2006 Supplemental Summary Judgment Order**

As previously discussed, soon after the issuance by the Bankruptcy Court of the first summary judgment Order, it was discovered that the 327 Demott Avenue was transferred for virtually no consideration from Hugh Mac Truong to MT-EARS LLP and subsequently to To-Viet-Dao, LLP, both limited liability partnerships, and both owned and operated by Mac and/or Maryse Truong.

On the same basis as previously listed, the Bankruptcy Court issued a supplemental Order enforcing its original summary judgment order, and voiding any then existing or future transfers. That Order was certainly appropriate under the circumstances.  *See* Bankruptcy Rule 8005 (bankruptcy court may make any appropriate order to protect the rights of the parties).  As such,

the December 7, 2006 Supplemental Summary Judgment Order is affirmed.

## III.  CONCLUSION

For the reasons discussed above, Appellants' appeal is denied.  An appropriate form of order is filed herewith.

s/Garrett E. Brown, Jr.

**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**