NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAC TRUONG, et al.,

        Appellants,

   v.

STEVEN KARTZMAN, ESQUIRE, et al.,

        Appellees.

CIVIL NO. 06-5511 (GEB)

MEMORANDUM OPINION

**BROWN, Chief District Judge**

    This matter comes before the Court upon appellants Mac Truong, Hugh Mac-Truong and Sylvaine Decrouy (hereinafter "Appellants") motion "for an order scheduling a hearing for the purpose of removing Steven P. Kartzman, Esq., as Appellee in this appellate proceeding pursuant to 11 USC 324(a) and/or to disqualify him from being both appellee and appellant's trustee at the same time in this court." For the reasons discussed in this Memorandum Opinion, Appellants' motion for a hearing is denied.

**I. PROCEDURAL BACKGROUND**

    On June 4, 2007, Appellants filed a motion seeking a hearing for the purpose of removing, for cause, Steven P. Kartzman, Esquire as Appellee pursuant to Title 11, United States Code, Section 324(a) "for his lack of disinterestedness by being at the same time appellee in this appellate proceeding and the trustee of [Appellants'] Chapter 7 Estate, and sole unsecured creditor of Chapter 13 Debtor To-Viet-Dao, LLP, of which [Mac and Maryse Truong] are general partners, and as such insiders." (Appellants' Brief, p. 3).

On June 6, 2007, Appellee filed a letter memorandum in opposition to Appellants' motion. Appellee filed the memorandum based upon perceived procedural issues with Appellants' motion. Appellee requested that, if this Court intended to consider the substantive merits of Appellants' motion, Appellee would be given leave to submit a substantive brief.

On June 8, 2007, Appellants filed a reply to Appellee's opposition. Appellants did not file a record or attachments of any kind. Appellee filed three relevant documents as attachments. (See Docket, Entry ##'s 21 - 23).

The initial request for Appellee's dismissal for cause was filed in Bankruptcy Court on or about April 25, 2007. On May 24, 2007, Bankruptcy Judge Novalyn L. Winfield issued a Letter Order in which she denied Appellants' motion. On May 31, 2007, Appellants filed a Notice of Motion requesting the same relief with the Third Circuit Court of Appeals. That motion remains pending before the circuit.

## II. DISCUSSION

### A. Standard of Review

Bankruptcy Rule 8013 provides, in pertinent part: "On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conclusion that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A bankruptcy court's

conclusions of law, on the other hand, are subject to plenary review. *See Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988). Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989).

### B. Removal of Trustee

11 U.S.C. § 324(a) provides as follows:

> The Court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.

§ 324(a) is considered a bankruptcy statute. There is no basis under the law that allows this Court to utilize a bankruptcy statute to facilitate a removal of a trustee in an appeal. Insofar as Appellants move under § 324(a), this Court may not utilize said statute as a basis for a hearing or to remove a trustee for the underlying bankruptcy.

### C. Motions in Bankruptcy Appeals

Motions made under an appellate docket number must be related to the pending and underlying appeal. *Home Life Ins. Co. v. Abrams Square II, Ltd.*, 95 B.R. 51, 54 (N.D. Tex. 1988); *Collier on Bankruptcy*, 15th ed. ¶ 8011.01.

In the instant motion, Appellants move under a bankruptcy statute in a bankruptcy appeal for relief unrelated to the pending appeal under Civil Action Number 06-5511. The proposed removal of the trustee is in no way related to the underlying appeal of the twelve Orders issued by the Bankruptcy Court, which are general rulings regarding summary judgment on several counts of the Amended Complaint, personal jurisdiction regarding one of the Appellants, and the Supplemental Summary Judgment Order regarding the avoidance of transfers of 327 Demott

Avenue. None of these Orders, which comprise the appeal before this Court, are at all related to the question of whether a trustee should be removed for cause.[1] That question, as it stands, is a question for the Bankruptcy Court. If Appellants wish to appeal the Bankruptcy Court's ruling, they must establish a formal appeal.

### III. CONCLUSION

For the reasons discussed above, Appellants' motion is denied. An appropriate form of order is filed herewith.

       s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Further, the actual appeal set forth in Civil Action No. 06-5511 has been ruled upon, and the appeal is closed.